STATE OF NORTH CAROLINA v. ROZELL OXENDINE HUNT

No. 7720SC957

(Filed 2 May 1978)

**Constitutional Law § 48— ineffective assistance of counsel**

    A defendant convicted of first degree murder was properly granted a new trial in a post-conviction hearing on the ground that she was denied her right to effective assistance of counsel where the court made findings supported by the evidence that defendant was tried on the date she was indicted and arraigned and 24 days after her arrest; defendant's court-appointed counsel talked with defendant three or four times prior to the trial; defendant's counsel made no investigation of the case, did not talk with or subpoena any potential defense witnesses, and presented no evidence for defendant; and defendant's counsel made no motion for continuance although he knew he was not prepared adequately to represent defendant at the trial.

ON certiorari to review the order of *Barbee, Judge.* Order entered 21 June 1977, in Superior Court, ANSON County. Heard in the Court of Appeals 29 March 1978.

Defendant was indicted on 10 June 1974 for first degree murder. Her trial began on that same day, and she was convicted by a jury. Through her court-appointed attorney, defendant appealed from a sentence of death, and the attorney appointed to represent defendant at trial was also appointed to perfect the appeal. In September, 1975, however, the attorney was removed and attorney Henry Drake was appointed to perfect defendant's appeal in *forma pauperis*.

In *State v. Hunt,* 289 N.C. 403, 222 S.E. 2d 234 (1976), the defendant's trial was held to be without error. In November 1976, the North Carolina Supreme Court vacated the sentence of death and substituted a sentence of life imprisonment.

Application for a post-conviction hearing was filed in January 1977, and a plenary hearing was held at the 12 April 1977 session of Superior Court. After hearing evidence by defendant and the

State, the trial judge made findings of fact and concluded, in pertinent part, as follows:

"1. This Court is of the opinion that under the evidence and circumstances of this particular case, it was fundamentally unfair and unjust to try the petitioner for a capital offense on the date she was indicted and arraigned and twenty-four days after she was arrested and eight months after the victim died.

"2. Under the evidence and circumstances of this particular case, the Court appointed counsel did not have a reasonable time to adequately prepare a defense for the petitioner in this capital offense.

"3. The Court-appointed counsel made no investigation or adequate preparation for a defense in this capital case. Counsel was not adequately prepared to represent the petitioner.

"4. The petitioner did not have effective assistance of counsel at the trial of this capital offense, and therefore, petitioner was denied her constitutional right of effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the United States Constitution."

The State petitioned this court for the issuance of a writ of certiorari, and on 27 August 1977, the petition was allowed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Henry T. Drake for defendant appellee.*

ARNOLD, Judge.

Until 1 July 1978, the effective date of its repeal, Article 22 of Chapter 15 of the North Carolina General Statutes provided a judicial proceeding whereby an imprisoned person may assert, *inter alia*, that, in the proceedings resulting in his conviction, there was a substantial denial of his rights under the Constitution of the United States or under the Constitution of North Carolina. G.S. 15-217. In her application for a post-conviction hearing, defendant alleged that she was denied the effective assistance of counsel at trial, in violation of the Sixth Amendment to the

United States Constitution as made applicable to the states by the Fourteenth Amendment. At the hearing, there was competent evidence to support the following findings of fact by the court:

> "3. The petitioner's court-appointed lawyer talked with the petitioner three or four times prior to the trial. He made no investigation of the case. He at no time talked or discussed the case with any potential witnesses which the petitioner could use in her defense. Counsel for the petitioner did not subpoena any witnesses for the petitioner to the trial. Counsel did not investigate the scene of the alleged poisoning which allegedly caused Joseph Hunt's death. Trial counsel saw the autopsy report on Joseph Hunt on the date the trial began. Trial counsel was not prepared to represent the petitioner when the case was called for trial. The record of the trial reflects that trial counsel (knowing that he was not prepared to adequately represent the petitioner at the trial) did not make a motion to continue the trial of the case.

> "4. During the trial, counsel offered no evidence for the petitioner. The petitioner, after being advised of her rights to do so by the trial court, did not testify in her own behalf."

The State, in its brief, concedes that these findings were supported by the evidence presented at the hearing. It contends, however, that the conclusions of the court were not supported by the findings of facts or the evidence and, further, that the conclusions were not sufficient to support the order for a new trial. The State would have us remand this case to allow the trial court to make a finding that a different result would likely have resulted had defendant had effective assistance of counsel at her trial. We are unable to agree with the State's view.

Case law does support the argument of the State that, in a post-conviction hearing, "[t]he inquiry is whether there was a *substantial denial* of the constitutional rights of petitioners in the original criminal action in which they were convicted and whether a different result would likely have ensued had petitioners not been denied such rights." *State v. Graves*, 251 N.C. 550, 554, 112 S.E. 2d 85, 89 (1960). However, the purpose of the proceeding under the North Carolina Post-Conviction Hearing Act is not to determine the guilt or innocence of petitioner. "The purpose of post-conviction review is to determine whether in the proceedings

leading to the conviction there occurred any substantial denial of petitioner's constitutional rights." *Parker v. State*, 2 N.C. App. 27, 34, 162 S.E. 2d 526, 530 (1968), *aff'd* 397 U.S. 790, 25 L.Ed. 2d 785, 90 S.Ct. 1458 (1970).

From the record there appears competent evidence to support the findings of the able trial judge and those findings support his conclusions. We agree with his order granting a new trial. The order granting a new trial is

Affirmed.

Judges MORRIS and MARTIN concur.