FACET ENTERPRISES, INCORPORATED v. DONNIE R. DELOATCH AND
EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 866SC195

(Filed 16 December 1986)

**Master and Servant § 108.1— unemployment compensation—failure to notify company of absence—no misconduct**

> Petitioner did not discharge respondent for misconduct or substantial fault connected with his work so as to disqualify him from receiving unemployment compensation where petitioner allegedly fired respondent for being absent from work for three consecutive days without notifying the company, but the company had notice during that time through respondent's immediate supervisor that respondent was in the hospital with a broken back and had been advised by his doctor that he would be unable to work for one to two months.

APPEAL by plaintiff from *Wright, Judge.* Judgment entered 18 November 1985 in Superior Court, HERTFORD County. Heard in the Court of Appeals 19 August 1986.

*Revelle, Burleson, Lee & Revelle, by L. Frank Burleson, Jr., for plaintiff.*

*No brief filed by defendant appellee Deloatch.*

*Deputy Chief Counsel V. Henry Gransee, Jr. and Staff Attorney James A. Haney for defendant appellee Employment Security Commission of North Carolina.*

PHILLIPS, Judge.

The judgment appealed from upheld a decision of the Employment Security Commission that respondent Deloatch, who was discharged by the plaintiff on 24 May 1985, is not disqualified from receiving unemployment benefits. Under our Employment Security Law an employee that is discharged for "misconduct connected with his work," G.S. 96-14(2), or for "substantial fault connected with his work," G.S. 96-14(2A), is disqualified from receiving unemployment benefits, and the only issue raised in the Commission hearing was whether petitioner fired respondent for a disqualifying reason. The Commission found and concluded that respondent was not fired for a disqualifying reason; and the Superior Court judge ruled that the facts found by the Commission were based upon competent evidence and that the law was

correctly applied to those findings. That ruling is clearly correct and we affirm it.

Though petitioner argues otherwise the evidence presented, including its own, supports the central findings of fact upon which the judgment rests. For petitioner's evidence was to the explicit effect that it fired respondent for no other reason but being absent from work for three consecutive days without notifying the company as its work rule required; and respondent's evidence was to the effect that he was excused from giving notice, and notice was unnecessary in any event, because he was in the hospital with a broken back as the company knew. Based on this and other competent evidence the Commission found that: On 7 May 1985, while on authorized leave due to a prior on-the-job injury, respondent employee was injured in a motorcycle accident and suffered three crushed lumbar vertebra; that two days later respondent's immediate supervisor visited him in the hospital and learned about his broken back; that the next day the supervisor again visited respondent in the hospital, noted that he was heavily sedated, and was told that his doctor had advised him he would not be able to return to work for one or two months; that after being released from the hospital on 17 May 1985 respondent reported to the employer's place of business on 20 May 1985 and told both his immediate supervisor and the plant secretary of his injury, hospitalization, and doctor's advice; and that the petitioner fired respondent on 24 May 1985 for allegedly failing to give notice of his absence from work as its rule required. From these findings the Commission concluded as a matter of law that the petitioner had failed to show that it discharged respondent for misconduct or substantial fault connected with his work and that respondent is not disqualified for unemployment benefits.

Though petitioner proposes several other questions for our consideration, the only questions properly raised by its appeal are whether the Commission's findings of fact 11 and 12 are supported by competent evidence and if so whether they and the other facts found support the Commission's decision. This is because these are the only questions petitioner raised in appealing from the Commission that have not been abandoned. In authorizing the judicial review of Employment Security Commission decisions, G.S. 96-15(h) requires the appellant to act within 30 days of notification or mailing, whichever is earlier, and to explic-

itly state the exceptions that the appeal is based upon. The Commission decision was mailed to petitioner on 23 August 1985 and in its petition for review filed 12 September 1985 petitioner stated for its exceptions that: All of the Commission's findings of fact, except the first three which merely recited the history of the case, were unsupported by competent evidence; and that the Commission's decision "is not supported by the facts found" and "is not supported by the evidence." Its exceptions to all the findings but findings 11 and 12 have been abandoned, however, as only those findings are argued against in the brief. Rule 28(a), N.C. Rules of Appellate Procedure. Findings of fact 11 and 12 are to the effect that petitioner discharged respondent for allegedly violating the 3-day absence reporting rule and that the motorcycle accident was not a significant factor in petitioner's decision to fire him. The evidentiary support for these findings is too clear for debate, as petitioner's own plant manager testified that "[b]asically the reason for the termination was for Mr. Deloatch not calling in for work, notifying the company of his whereabouts or where he was going or what his situation was." That these and the other findings made support the decision that respondent is not disqualified from receiving benefits is equally manifest. *Inter alia* the findings establish that respondent's discharge was not due to a violation of the 3-day notice rule because the company had notice through its employee and supervisor during that time. And, of course, the correctness of the conclusion that respondent was not disqualified from receiving benefits is equally clear; for a worker's failure to notify his employer why he is absent from work cannot be regarded as "misconduct" or "fault" under our Employment Security Law when the worker is unable to give notice because he is in the hospital with a broken back, and when the employer already has knowledge of his whereabouts and condition anyway.

The other contentions that petitioner undertakes to make— that the Commission misapplied the law in various respects—are not properly before us, and were not properly before the Superior Court, because they are not based on *timely* exceptions to the Commission's decision, as G.S. 96-15(h) requires. Petitioner's only timely exceptions that have not been abandoned have already been discussed and overruled. The purported exceptions that are the basis for these contentions were stated without effect in an

"Amendment to Petition for Judicial Review" filed 46 days after the Commission's decision was made and 36 days after the petition for judicial review was filed. Even so, the contentions are manifestly without merit and we overrule them; for all the contentions rest upon the fallacious claim that on the disqualification issue the Commission erroneously placed the burden of proof on the petitioner. It is fundamental in our jurisprudence, in the absence of some rule or statute to the contrary, that the party who raises an issue and asserts the affirmative of it has the burden of proving it. *Neal v. Fesperman*, 46 N.C. 446 (1854). The disqualification issue was raised by petitioner immediately upon receiving respondent's application for benefits and it supported the affirmative of that issue at the hearing with evidence; and nothing in our Employment Security Law supports the anomalous proposition that when an employer asserts that an applicant for benefits is disqualified for some reason that the applicant is required to disprove the defense asserted.

Affirmed.

Chief Judge HEDRICK and Judge MARTIN concur.