VANESSA FAIR, PETITIONER v. ST. JOSEPH'S HOSPITAL, INC., AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS

No. 9328SC140

(Filed 21 December 1993)

1. **Labor and Employment § 170 (NCI4th) — unemployment compensation denied — appeal — findings**

    A petitioner for unemployment compensation failed to properly object to findings in an Employment Security Commission denial of compensation; moreover, the findings were supported by competent evidence and were thus conclusive on appeal.

    **Am Jur 2d, Unemployment Compensation § 215 et seq.**

FAIR v. ST. JOSEPH'S HOSPITAL, INC.

[113 N.C. App. 159 (1993)]

2. **Labor and Employment § 159 (NCI4th)— unemployment compensation — discharge due to fighting — not reflexive or impulsive conduct**

The findings of fact supported the Employment Security Commission's conclusions of law that petitioner had violated a company rule against fighting and was disqualified for unemployment benefits where one of petitioner's co-workers "popped" her with a rubber band and petitioner reacted by shoving the co-worker into a medical cart and hitting her in the eye. Although petitioner argued that her conduct was merely reflexive and was not deliberate or intentional, petitioner's actions were purely retaliatory and combative and were not intended for self-preservation or to restrain her co-worker from further attacks.

**Am Jur 2d, Unemployment Compensation § 77 et seq.**

**Employee's act or threat of physical violence as bar to unemployment compensation. 20 ALR4th 637.**

Appeal by petitioner from judgment entered 19 November 1992 by Judge Robert D. Lewis in Buncombe County Superior Court. Heard in the Court of Appeals 3 December 1993.

*Baley, Baley & Clontz, P.A., by Stanford K. Clontz, for petitioner.*

*T.S. Whitaker, Chief Counsel and V. Henry Gransee, Jr., Deputy Chief Counsel, for Employment Security Commission.*

LEWIS, Judge.

Vanessa Fair ("petitioner") was discharged from her position as a health unit coordinator at St. Joseph's Hospital for fighting with a co-worker. The evidence shows that one of petitioner's co-workers "popped" her with a rubber band and that petitioner, reacting in the "heat of anger," assaulted the co-worker by shoving her into a medical cart and then hitting her in the right eye. Petitioner was thereafter discharged for wilfully and without good cause violating a company policy which prohibited fighting.

Petitioner made a claim for benefits under N.C.G.S. § 96-15(a) and a hearing was held before an appeals referee. The appeals referee determined that petitioner had wilfully and wantonly violated

**FAIR v. ST. JOSEPH'S HOSPITAL, INC.**

[113 N.C. App. 159 (1993)]

a reasonable company rule against fighting and that she was therefore disqualified from unemployment benefits. Petitioner then appealed to the Employment Security Commission ("ESC") which affirmed and adopted the opinion of the appeals referee in its entirety. Petitioner then filed a petition for judicial review in Buncombe County Superior Court. After conducting a telephone conference, the trial court ruled that petitioner had not properly objected to the facts as found by the ESC and that the facts were thus presumed to be supported by competent evidence. The trial court also concluded that the ESC had properly applied the law to the facts of the case and affirmed the ESC's ruling. Petitioner now appeals to this Court. St. Joseph's is not a party to this appeal.

N.C.G.S. § 96-15(i) governs appeals to this Court from the ESC. The scope of our review is to determine whether the facts as found by the ESC are supported by competent evidence and if so, whether the findings of fact support the conclusions of law. *Reco Transp. Inc. v. Employment Sec. Comm'n*, 81 N.C. App. 415, 344 S.E.2d 294, *disc. rev. denied*, 318 N.C. 509, 349 S.E.2d 865 (1986). This Court may not consider the evidence itself for the purpose of finding facts. *In re Bolden*, 47 N.C. App. 468, 267 S.E.2d 397 (1980). If the findings of fact made by the ESC are supported by competent evidence then they are conclusive on appeal. *See Vanhorn v. Bassett Furniture Indus.*, 76 N.C. App. 377, 333 S.E.2d 309 (1985). However, even if the findings of fact are not supported by the evidence, they are presumed to be correct if the petitioner fails to except. *Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 291 S.E.2d 308 (1982).

[1] In her first assignment of error, petitioner claims that the trial court erred in finding that she had not properly objected to the facts as found by the ESC. Petitioner claims that it was not necessary for her to object specifically to the findings of fact because only finding of fact number 3, which states that petitioner wilfully and wantonly violated a company rule against fighting, precludes her from receiving unemployment benefits. Petitioner further claims that contrary to its label, finding of fact number 3 is actually a conclusion of law and that she is still entitled to judicial review of whether the ESC's conclusions of law are supported by the evidence.

In our review of the record, we agree that petitioner has failed to properly object to the ESC's findings of fact. Even if

petitioner had properly objected to the ESC's findings of fact, our review of the record reveals that the ESC's findings are supported by competent evidence and are thus conclusive on appeal. For the sake of argument we have assumed, without deciding, that petitioner is correct in her assertion that finding of fact number 3 is really a conclusion of law. Accordingly, we turn to petitioner's second assignment of error which deals with whether the ESC's findings of fact support its conclusions of law.

[2]    The essence of petitioner's second assignment of error is that reflexive or impulsive conduct does not constitute misconduct as that term is defined in the Employment Compensation Act. N.C.G.S. § 96-14(2) (1993) defines misconduct connected with one's work as:

> conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

The only part of this definition which is applicable to the facts of this case is whether petitioner wilfully or wantonly disregarded the standards of behavior which her employer had a right to expect. Petitioner claims that since the ESC found she acted in the "heat of anger," that it was impossible for her to have deliberately violated her employer's rule against fighting. In support of this argument, petitioner cites the recent opinion of *Smith v. Kinder Care Learning Ctrs.*, 94 N.C. App. 663, 381 S.E.2d 193 (1989), *rev'd*, 326 N.C. 362, 389 S.E.2d 30 (1990) (per curiam). For the reasons discussed below, we disagree and find *Smith* distinguishable.

In *Smith*, a pregnant day care worker was discharged for violating a company rule against using physical punishment to discipline a child. The extent of the physical punishment used by the day care worker was that she struck the shoulder of an unruly child who had hit her in the stomach with a book bag to prevent the child from hitting her further. The day care worker was extremely upset about the incident and reported it, herself, to her superiors. The day care worker was subsequently discharged. On appeal, a majority of this Court held that the day care worker had engaged in job related misconduct which precluded her from

**FAIR v. ST. JOSEPH'S HOSPITAL, INC.**

[113 N.C. App. 159 (1993)]

receiving employee benefits. However, Judge Eagles dissented from the majority opinion holding that the day care worker's actions were merely reflexive and not a deliberate disregard for her employer's interests. Judge Eagles, citing Black's Law Dictionary, defined deliberate to mean "willful rather than merely intentional" and said that "deliberate actions are those taken after weighing the consequences." *Id.* at 669, 381 S.E.2d at 196. Judge Eagles concluded that although the day care worker had exercised poor judgment, she had not engaged in the type of deliberate conduct to disqualify her from employment benefits. In a per curiam opinion, the Supreme Court reversed the majority opinion of this Court and adopted the dissent of Judge Eagles. It is the language of this dissent on which petitioner relies.

Although, at first blush, *Smith* seems similar to the facts of this case, we find that petitioner's conduct was much more excessive than that of the day care worker in *Smith*. The day care worker used a single act of physical force to restrain an undisciplined child who represented a threat to her own unborn child. We agree with the dissent in *Smith* that reflexive acts of self-preservation are not the type of misconduct that would disqualify an individual from employee benefits. However, in this case, the actions of petitioner were not intended for self-preservation, nor were they intended to restrain her co-worker from further attacks. Instead, petitioner's assault was purely retaliatory and combative. We find that this is the type of misconduct which would disqualify an individual from employment benefits.

Even though petitioner reacted "in the 'heat of anger' without concern or consideration for her job," we cannot think of any fight on the job which would occur other than in the heat of passion or in the heat of anger. Although petitioner may not have consciously considered how her actions would affect her job, she at least considered her option of whether or not to assault her co-worker. If we were to accept petitioner's argument that her conduct was merely reflexive, and that it was not deliberate or intentional, then employees who violated company policies against fighting would never be disqualified from benefits. Clearly, this is not the law of North Carolina. The ESC found that petitioner had been provided with a copy of her employer's work rules, that she was aware, or should have been aware, of the rule against fighting, and that she nevertheless assaulted her co-worker. This was a clear and deliberate disregard of the standards of behavior which her employer

had a right to expect from her. We find that the findings of fact support the ESC's conclusions of law, and accordingly the judgment of the trial court is

Affirmed.

·Judges ORR and JOHN concur.