EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA v. WILLIAM H. PEACE, III

No. 9310SC477

(Filed 5 July 1994)

## Costs § 25 (NCI4th)— jurisdiction of court erroneously invoked by agency—authority of court to award attorney fees—findings required

Where respondent filed a claim for unemployment benefits which the Commission denied, respondent appealed the adverse decision, an independent Deputy Commissioner retained by the Commission heard the appeal and reversed the initial determination and awarded respondent benefits, the Commission appealed the Deputy Commissioner's decision to the superior court, and the superior court judge affirmed the decision of the Deputy Commissioner and ordered the Commission to pay respondent's attorney's fees, the Commission's appeal was not a proceeding under Chapter 96, and N.C.G.S. § 96-17(b1) was inapplicable to require respondent to pay his own legal fees. Rather, by virtue of N.C.G.S. § 6-19.1, the trial court could order attorney's fees in this case in which an agency erroneously invoked the jurisdiction of

the court, but the court was required to make findings pertaining to whether the Commission acted without substantial justification or whether there were special circumstances which would make the award of fees unjust.

**Am Jur 2d, Costs §§ 72-86.**

Appeal by petitioner from order entered 18 February 1993 by Judge Gregory A. Weeks in Wake County Superior Court. Heard in the Court of Appeals 9 February 1994.

Petitioner, the Employment Security Commission of North Carolina (the Commission), discharged respondent, an equal opportunity officer. Respondent filed a claim for unemployment insurance benefits which the Commission denied. Respondent appealed the adverse decision. An independent Deputy Commissioner retained by the Commission to hear the appeal reversed the initial determination and awarded respondent benefits. The Commission then appealed the Deputy Commissioner's decision to Wake County Superior Court. On 18 February 1993, Judge Gregory A. Weeks affirmed the decision of the Deputy Commissioner and ordered the Commission to pay respondent's attorney's fees. From the order to pay attorney's fees, the Commission appeals.

*Staff Attorney Fred R. Gamin for petitioner-appellant.*

*Thomas Hilliard, III for respondent-appellee.*

McCRODDEN, Judge.

Based upon its lone assignment of error, the Commission argues only that the trial court erred in awarding attorney's fees because N.C. Gen. Stat. § 96-17(b1) (1993) prohibits such an award.

Respondent filed his claim under Article 2 of the Employment Security Law, N.C. Gen. Stat. §§ 96-8 to -19 (1993). Section 96-17(b1) states, "[e]xcept as otherwise provided in this Chapter . . . in any court proceeding under this Chapter each party shall bear its own costs and legal fees." This statute "directly addresses the issue of attorneys' fees . . . [and] is specific to actions under Chapter 96." *Doyle v. Southeastern Glass Laminates*, 104 N.C. App. 326, 332, 409 S.E.2d 732, 735 (1991), *rev'd on other grounds*, 331 N.C. 748, 417 S.E.2d 236 (1992). Such a statute will prevail over other, more general statutes, absent clear legislative intent to the contrary. *Id.* (citing

*Whittington v. N.C. Department of Human Resources*, 100 N.C. App. 603, 606, 398 S.E.2d 40, 42 (1990)).

Respondent insists, however, that N.C.G.S. § 96-17(b1) is not applicable here because the appeal to the superior court was not a "court proceeding under this Chapter." His point is well taken. In *In re Employment Security Comm.*, 234 N.C. 652, 68 S.E.2d 311 (1951), our Supreme Court held that no appeal lies from an order of an administrative agency of the State unless granted by statute. Since the Commission itself considers a decision of one of its deputy commissioners to be a decision of the Commission, Regulations of the Employment Security Commission of North Carolina § 21.18(D) (Adjudication and Appeals for Former Commission Employees) (1986), it defies logic to allow the Commission to appeal its own decision. We conclude that the Commission's appeal was not a proceeding under Chapter 96 and that N.C.G.S. § 96-17(b1) is, therefore, inapplicable to this case.

This does not, however, end our inquiry. We address now the issue of whether a trial court may order attorney's fees in a case in which an agency erroneously invokes the jurisdiction of the court. We believe that the court in this instance had such authority by virtue of N.C. Gen. Stat. § 6-19.1 (1986). It is difficult to imagine a situation more befitting the award of fees than one in which a citizen is forced to defend an improper appeal by a State agency. To find otherwise would be to allow an agency of the State to take action beyond its power and then to hide behind jurisdictional bars to avoid attorney's fees.

At common law neither party could recover costs in a civil action. *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972). "Today in this State, 'all costs are given in a court of law by virtue of some statute.' The simple but definitive statement of the rule is: '[C]osts in this State, are entirely creatures of legislation, and without this they do not exist.' " *Id.* (citations omitted). More specifically, attorney's fees, in the absence of express statutory authorization, are not allowable. *Id.* at 695, 190 S.E.2d at 187. In an action for judicial review of a decision made by an administrative agency, the court may award the prevailing party reasonable attorney's fees against the agency only under N.C.G.S. § 6-19.1, which provides:

In any civil action . . . unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to

recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

Hence, three criteria must exist before a trial court can exercise its statutory discretion to award fees under section 6-19.1. First, the party moving for attorney's fees must be a "prevailing party." Second, the court must find that the agency acted without substantial justification; and finally the court must find that there are no special circumstances making a fee award unjust. S.E.T.A. *UNC-CH v. Huffines*, 107 N.C. App. 440, 443, 420 S.E.2d 674, 676 (1992).

Although we believe that attorney's fees are permissible in this case, the court's order is deficient. The court never made findings pertaining to whether the Commission acted without substantial justification or whether there were special circumstances that would make the award of fees unjust, as it must under section 6-19.1. *See Tay v. Flaherty*, 100 N.C. App. 51, 394 S.E.2d 217, *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990). We remand for findings on these issues.

Based upon the foregoing, we reverse that portion of the trial court's judgment ordering petitioner to pay respondent's attorney's fees and remand for findings dispositive of the propriety of such fees.

Reversed and remanded.

Judges WELLS and JOHN concur.