EMPLOYMENT SECURITY COMMISSION v. PEACE

[341 N.C. 716 (1995)]

---

EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA v. WILLIAM H. PEACE

No. 481PA94

(Filed 6 October 1995)

### Costs § 25 (NCI4th)— unemployment insurance—ESC as employer—attorney fees

N.C.G.S. § 96-17(b1) prohibited a Superior Court award of attorney fees where the Employment Security Commission discharged one of its employees; that employee subsequently filed a claim for unemployment benefits with ESC as an agency; the initial administrative determination was to deny benefits; that decision was appealed and the ESC as an agency retained an independent hearing officer as a designated Deputy Commissioner to hear the appeal; the independent hearing officer awarded benefits; ESC appealed to Superior Court, which affirmed the award of benefits and ordered ESC to pay the claimant's attorney fees; ESC

**EMPLOYMENT SECURITY COMMISSION v. PEACE**

[341 N.C. 716 (1995)]

then appealed to the Court of Appeals; and the Court of Appeals treated the ESC as an agency appealing its own decision, held that ESC had no authority to appeal to Superior Court and that N.C.G.S. § 96-17(b1) did not apply, and remanded for findings that would allow an award of attorney fees under N.C.G.S. § 6-19.1. However, ESC appealed to Superior Court not as an agency decision maker, but as an aggrieved employer liable for UI benefits and with the same rights of appeal as any other employer. The appeal to Superior Court under Chapter 96 was a proper proceeding and N.C.G.S. § 96-17(b1) applies and prohibits the Superior Court award of attorney fees.

**Am Jur 2d, Costs §§ 72-76.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 115 N.C. App. 486, 445 S.E.2d 84 (1994), reversing and remanding the judgment entered by Weeks, J., on 18 February 1993 in Superior Court, Wake County. Heard in the Supreme Court 14 September 1995.

*Fred R. Gamin, Staff Attorney, for petitioner-appellant.*

*Thomas Hilliard, III for respondent-appellee.*

*Kenneth L. Schorr on behalf of Legal Services of Southern Piedmont, amicus curiae.*

ORR, Justice.

The Employment Security Commission (hereinafter "ESC") plays two roles in this case. First, ESC is the employer ("ESC-employer"), as defined by N.C.G.S. § 96-8(5)(p), that discharged respondent William H. Peace. Second, ESC is the agency ("ESC-agency") that determined whether Peace was eligible for unemployment insurance ("UI") benefits.

On 7 June 1991, ESC-employer discharged one of its employees, Peace, an equal opportunity officer. Peace subsequently filed a claim for UI benefits with ESC-agency. In the initial administrative determination rendered pursuant to N.C.G.S. § 96-15(b)(2), Peace's claim for UI benefits was denied by a decision of the designated adjudicator, John Lynch, pursuant to N.C.G.S. § 96-14(2) (misconduct in connection with work).

Peace appealed the adjudicator's decision pursuant to N.C.G.S. § 96-15(b)(2) ("The conclusion of the adjudicator shall be deemed the

final decision of the Commission unless within 10 working days after the date of notification or mailing of the conclusion, whichever is earlier, a written appeal is filed pursuant to such regulations as the Commission may adopt"). Thereafter, the matter was set for an evidentiary appeals hearing pursuant to N.C.G.S. § 96-15(c) (Appeals), and ESC Regulations 14 (Appeals Procedures) and 21.18 (Adjudication and Appeals for Former Commission Employees). ESC-agency retained an independent hearing officer designated as a Deputy Commissioner to hear the appeal pursuant to ESC Regulation 21.18(C). The independent hearing officer, Jo Ann Weaver Hull, awarded Peace benefits. ESC-employer then appealed to Superior Court pursuant to ESC Regulation 21.18(D).

N.C.G.S. § 96-15 outlines the standard procedure for claims for UI benefits, appeals within ESC-agency, and appeals from the ESC-agency final decision to Superior Court. N.C.G.S. § 96-15(f) (Procedure) requires that hearings and appeals be conducted in accordance with regulations prescribed by the Commission. ESC Regulation 21.18 outlines a special procedure for adjudication and appeals for former ESC employees.

N.C.G.S. § 96-15 provides that (1) a decision will be made by an adjudicator, N.C.G.S. § 96-15(b)(2) (1993); (2) the adjudicator's decision may be appealed to an appeals referee, N.C.G.S. § 96-15(c); (3) on ESC-agency's own motion, the Commission or a Deputy Commissioner may affirm, modify, or set aside the decision of the appeals referee, N.C.G.S. § 96-15(e); and (4) an appeal to the Superior Court is available after exhaustion of the remedies set out above, N.C.G.S. § 96-15(h).

To protect against the appearance of impropriety, ESC Regulation 21.18 limits review by ESC-agency where ESC-agency has a vested interest in the outcome as the employer in the case. The regulation in effect at the time of Peace's discharge provided that (1) a decision will be made by an adjudicator, ESC Reg. 21.18(A); (2) the adjudicator's decision may be appealed to a Deputy Commissioner, ESC Reg. 21.18(C); (3) a direct appeal to the Superior Court from the Deputy Commissioner's decision is available, ESC Reg. 21.18(D).

Thus, N.C.G.S. § 96-15 allows one appeal within the agency, an optional review by the agency, and an appeal from the agency decision to Superior Court; whereas ESC Regulation 21.18 allows one appeal within the agency, followed directly by an appeal from the

agency decision to Superior Court. The procedure prescribed by ESC Regulation 21.18 bypasses the optional review by the agency in those situations where the agency is the employer.

As previously noted, ESC-employer appealed the adverse decision of the Deputy Commissioner to Superior Court pursuant to Regulation 21.18(D). On 18 February 1993, Judge Gregory A. Weeks, pursuant to chapter 96 of the N.C. General Statutes, affirmed the decision of the Deputy Commissioner awarding UI benefits to Peace and also ordered ESC to pay Peace's attorney's fees. Judge Weeks' order gives no indication of the authority for the award of attorney's fees to Peace.

ESC-employer then appealed Judge Weeks' order awarding attorney's fees to the Court of Appeals, the sole assignment of error being that the award of attorney's fees was improper under N.C.G.S. § 96-17(b1). N.C.G.S. § 96-17(b1) states that each party shall bear its own costs and attorney's fees in any court proceeding under chapter 96 (Employment Security).

The Court of Appeals held that ESC had no authority to appeal, and thus the action was not a chapter 96 action. The Court of Appeals further held that N.C.G.S. § 96-17(b1) did not apply but that N.C.G.S. § 6-19.1 did apply. The Court of Appeals then remanded for findings that would allow an award of attorney's fees pursuant to N.C.G.S. § 6-19.1 ("that the agency acted without substantial justification in pressing its claim against the party").

We conclude that the Court of Appeals erred in holding that the appeal to Superior Court by ESC-employer was not a court proceeding under chapter 96. The Court of Appeals apparently based its reasoning on ESC Regulation 21.18(D), which stated at the time of Peace's discharge that

> [t]he decision of the Deputy Commissioner shall be considered the decision of the Commission. Any decision of the Commission shall become final in the absence of a timely appeal therefrom by an aggrieved party to Superior Court within thirty (30) days from the date of mailing of the decision to the parties.

The Court of Appeals reasoned that "[s]ince the Commission itself considers a decision of one of its deputy commissioners to be a decision of the Commission, . . . it defies logic to allow the Commission to

appeal its own decision." *Employment Security Comm. v. Peace*, 115 N.C. App. 486, 488, 445 S.E.2d 84, 85 (1994).

The reasoning of the Court of Appeals erroneously treats ESC as an agency appealing its own agency decision rather than as an "aggrieved party." In this case, ESC appealed to Superior Court not as an agency decision-maker, but as an employer aggrieved by the agency action. ESC-employer is liable to pay for UI benefits the same as any other employer' and has the same rights of appeal as any other employer. Thus ESC-employer had the status of "aggrieved party" under ESC Regulation 21.18(D) and had appeal rights as such.

Therefore, the appeal to Superior Court by ESC-employer was a proper proceeding under chapter 96, and N.C.G.S. § 96-17(b1) applies. Therefore, N.C.G.S. § 96-17(b1) prohibits the Superior Court award of attorney's fees in this case.

For the foregoing reasons, we reverse the order of the Court of Appeals and remand to that court for further remand to the Superior Court, Wake County, for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.