EDGECOMBE COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner v. CLIFTON B. HICKMAN and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Respondents

No. COA10-473

(Filed 19 April 2011)

**Administrative Law— standard of review—unemployment insurance benefits**

The superior court applied an improper standard of review when reversing the Employment Security Commission's (ESC) decision to disqualify claimant from unemployment insurance benefits. The order setting aside the ESC's decision was vacated and remanded to the superior court for review utilizing the correct standard of review.

Appeal by respondent Employment Security Commission of North Carolina from order entered on or about 12 January 2010 by Judge Walter H. Godwin, Jr. in Superior Court, Edgecombe County. Heard in the Court of Appeals 26 October 2010.

*Taylor, Brinson & DeLoatch, by Mahlon W. DeLoatch, Jr. and J. Chad Hinton, for petitioner-appellee.*

*Camilla F. McClain, for respondent-appellant Employment Security Commission of North Carolina.*

STROUD, Judge.

The superior court concluded that claimant Mr. Clifton B. Hickman was "disqualified to receive unemployment insurance benefits" and reversed a decision of the Employment Security Commission of North Carolina ("ESC"). The ESC appealed. For the following reasons, we vacate and remand the order of the superior court for application of the correct standard of review.

## I. Background

On or about 16 June 2009, an Appeals Referee with the ESC heard the claim of Mr. Hickman. The Appeals Referee found:

1. Claimant last worked for Edgecombe County on December 31, 2008 as Assistant Director for Social Services. From February 1, 2009 until March 28, 2009, claimant has registered for work and continued to report to an employment office of the Commission and has made a claim for benefits in accordance with G.S. 96-15(a) . . . .

2. The Adjudicator issued a conclusion under Docket No. 28241 holding claimant disqualified for benefits beginning February 1, 2009, G.S. 96-14(1) and not eligible for benefits from February 1, 2009 through February 14, 2009, G.S. 968(10)c[sic]. Claimant appealed. Pursuant to G.S. 96-15(c), this matter came on before Appeals Referee L.M. Emma for hearing on June 16, 2009. Present for the hearing: Claimant; **the employer was not present and no request for a continuance was made.**

3. Claimant left the job because his work environment was substantially and adversely modified, without justification, and without explanation.

4. Claimant had been employed by this employer for approximately 27 years. Claimant had been working as Assistant Director for Social Services at the time of his separation. Claimant's supervisor was Marva Scott.

5. In or about August 2008, claimant was suspended by his supervisor for thirty days with pay because of a complaint. Claimant was subsequently told that the claim[] was unjustified.

6. Thereafter, Scott removed two or three mid-level staff from claimant's supervision. Claimant's job duties and responsibilities were greatly reduced. Scott refused to allow claimant to attend conferences and workshops. Claimant was being required to bring doctor's notes for any day absent contrary to employer policy requiring a doctor's note if absent for three or more days for illness.

7. Claimant had received no prior warnings or reprimands and had not been told that his job was in jeopardy. All of claimant's evaluations were satisfactory.

8. Scott offered claimant no explanation for the changes to his position, the refusal to allow him to attend conferences and workshops, or the requirement that he bring in a doctor's note for any absence contrary to the employer's policy. When claimant asked why the changes were being made, Scott would only tell him that she had the authority to make the changes. Claimant complained to the employer's Board of Directors and was referred back to Scott.

(Emphasis added.) The Appeals Referee determined, *inter alia*, that "[c]laimant is not disqualified for unemployment benefits." Employer Edgecombe County Department of Social Services ("DSS") appealed the Appeals Referee's decision, and on or about 30 July 2009, the ESC through its Chairman issued a decision which provided that

the Commission concludes that the facts found by the Appeals Referee were based on competent evidence and adopts them as its own. The Commission also concludes that the Appeals Referee properly and correctly applied the Employment Security Law (G.S. § 96-1 et seq.) to the facts as found, and the resultant decision was in accordance with the law and fact[s].

The ESC affirmed the decision of the Appeals Referee.

On 28 August 2009, DSS "appeal[ed] and petition[ed] for judicial review[.]" DSS's petition stated that "Defendant/Employer does not agree with the decision of the Commission that Plaintiff/Claimant is not disqualified to receive unemployment insurance benefits[.]" As to the reasons for Mr. Hickman's disqualification to receive unemployment insurance benefits, DSS's petition alleged numerous facts which were not argued at the 16 June 2009 hearing, as DSS was not present

or represented at the hearing.[1] DSS's petition does not include any exceptions to any of the ESC's findings of fact or the hearing procedure. On or about 12 January 2010, the superior court reversed the decision of the ESC concluding that Mr. "Hickman is disqualified to receive unemployment insurance benefits." The superior court's order did not state any reason for its reversal of the decision of the ESC. The ESC appeals.

## II. Superior Court's Standard of Review

The ESC first contends that the superior court applied the incorrect standard of review in reversing the ESC's decision. We agree.

> North Carolina General Statute 96-15(i) governs the applicable standard of review in appeals of this type. The statute provides in relevant part that "[i]n any judicial proceeding under this section, the findings of fact by the Commission, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." N.C. Gen. Stat. § 96-15(i) (2005). Thus, findings of fact in an appeal from a decision of the Employment Security Commission are conclusive on both the superior court and this Court if supported by any competent evidence.

*James v. Lemmons*, 177 N.C. App. 509, 513, 629 S.E.2d 324, 328 (2006).

> Under N.C.G.S. § 96-15(h), a claimant's petition for superior court review of an ESC decision shall explicitly state what exceptions are taken to the decision or procedure of the Commission and what relief the petitioner seeks. Superior Court jurisdiction is limited to exceptions and issues set out in the petition.

*Reeves v. Yellow Transp., Inc.*, 170 N.C. App. 610, 614, 613 S.E.2d 350, 353 (quotation marks omitted), *disc. review denied*, 359 N.C. 853, 619 S.E.2d 511 (2005). "If the findings of fact made by the ESC are supported by competent evidence then they are conclusive on appeal. However, even if the findings of fact are not supported by the evidence, they are presumed to be correct if the petitioner fails to except." *Fair v. St. Joseph's Hosp., Inc.*, 113 N.C. App. 159, 161, 437 S.E.2d 875, 876 (1993), *disc. review denied*, 336 N.C. 315, 445 S.E.2d 394 (1994).

---

1. DSS states in its petition that "[f]ollowing Plaintiff/Claimant's initial application for unemployment insurance benefits, the Commission held that Plaintiff/Claimant was disqualified to receive benefits. That decision was appealed by the Plaintiff/Claimant; at the appeal hearing, Defendant/Employer did not appear as Defendant/Employer thought the Commission's initial decision that Plaintiff/Claimant was disqualified to receive unemployment insurance benefits was correct and would not be reversed."

DSS argues that it made appropriate exceptions to the ESC's findings of fact so that it has "preserve[d] its rights on appeal and . . . sustain[ed] the Superior Court's review of the Commission's findings of fact and conclusions of law in the case at bar." DSS notes the

> letter of appeal from Director Marva Scott, specifically stated the reason for its initial appeal to the Commission: "based on [claimant's] service retirement" (R p 13). To require more specific pleadings would place an insurmountable burden on employers who may not have the resources to hire legal counsel or the experience to know when counsel is needed. Employer in the instant case feels the Adjudicator's determination was correct and that the record speaks for itself (R p 5-6).

We are unable to discern how a statement that the appeal was "based on [claimant's] service retirement" can be construed as comporting with the requirement that an appellant from an ESC decision "explicitly state what exceptions are taken to the decision or procedure of the Commission and what relief the petitioner seeks." *Reeves* at 614, 613 S.E.2d at 353 (quotation marks omitted). Here, DSS failed to except to any specific findings of fact as made and adopted by the ESC; therefore, the Appeals Referee's findings "are presumed to be correct[.]" *Fair* at 161, 437 S.E.2d at 876.

Although the superior court did not state what standard of review it was applying, it clearly did not review the ESC order in the proper appellate capacity. *See In re Enoch,* 36 N.C. App. 255, 256, 243 S.E.2d 388, 389 (1978) ("The legislature, in granting this jurisdiction to the superior court, intended for the superior court to function as an appellate court."). The superior court failed to recognize that it was bound by the findings of fact as stated by the Appeals Referee and proceeded to reverse the decision of the ESC without any explanation.

The ESC order addressed the issue of whether Mr. Hickman "left work without good cause attributable to the employer." The only question which the superior court could properly consider was whether the ESC's findings of fact supported its conclusion of law. *James* at 513, 629 S.E.2d at 328. N.C. Gen. Stat. § 96-14 provides, in pertinent part, that:

An Individual shall be disqualified for benefits:

(1)  For the duration of his unemployment beginning with the first day of the first week after the disqualifying act occurs with respect to which week an individual files a claim for benefits if it is determined by the Commission that such

individual is, at the time such claim is filed, unemployed because he left work without good cause attributable to the employer.

. . . .

(1a) Where an individual leaves work, the burden of showing good cause attributable to the employer rests on said individual, and the burden shall not be shifted to the employer.

N.C. Gen. Stat. § 96-14(1)-(1a) (2007).

DSS seeks to argue that Mr. Hickman was disqualified for benefits because he left his job to retire. DSS points out that Mr. Hickman mentioned his retirement in his testimony, so the fact that he retired was in evidence.[2] This is correct, but the additional information and arguments which DSS attempts to add to the mere statement about retirement go far beyond what is in the record. A party cannot raise an issue for the first time before the superior court in its appellate capacity. *Evans v. Fran-Char Corp.*, 45 N.C. App. 94, 96, 262 S.E.2d 381, 383 (1980). DSS did not raise the issue of Mr. Hickman's retirement before the ESC because it did not attend the hearing. In addition, the superior court cannot consider evidence from outside the record brought before it on appeal[,]" *Enoch* at 257, 243 S.E.2d 390, so DSS would have been unable to present any additional evidence regarding Mr. Hickman's retirement before the superior court.[3] Thus, the only argument DSS could have properly raised on its appeal to the superior court is that the ESC's findings of fact did not support its conclusion that Mr. Hickman left his employment with good cause attributable to the employer.

In its brief, DSS "recognizes and admits its error in failing to attend the hearing before the appeals referee." We appreciate DSS's candor in this admission. But DSS then attempts to argue that "the Findings of Fact and evidence of record are sufficient for this Court to reach the same conclusion as the initial Adjudicator and the

2. In fact, one of the exhibits before the Appeals Referee noted that the specific reason Mr. Hickman gave DSS for leaving was "[r]etirement[,]" although he contended that he actually left because of DSS's actions.

3. Our record does not include a transcript of the superior court hearing, and the record does not include any evidence allegedly presented at that hearing. However, the order states that "*After hearing evidence presented by Petitioner and Respondents* and after reviewing Briefs filed by both parties, the Court concludes that Clifton B. Hickman is disqualified to receive unemployment insurance benefits." (Emphasis added.) We therefore assume that the "evidence" mentioned by the order was limited to the transcript of the hearing and exhibits before the Appeals Referee.

Superior Court, that claimant is disqualified to receive unemployment benefits because he left employment without good cause attributable to the employer." DSS's arguments are factual arguments which urge this Court, as it urged the superior court, to draw different inferences from the evidence than those drawn by the Appeals Referee, despite DSS's failure to except to any specific findings of fact. Neither we nor the superior court have the authority to reconsider the findings of fact as DSS requests. *See generally Emp. Sec. Comm. v. Young Men's Shop*, 32 N.C. App. 23, 29, 231 S.E.2d 157, 160 ("[O]ur Supreme Court has held that in appeals from the Industrial Commission the reviewing court may determine upon proper exceptions whether the facts found by the Commission were supported by competent evidence and whether the findings so supported sustain the legal conclusions and the award made, but in no event may the reviewing court consider the evidence for the purpose of finding the facts for itself."), *disc. review denied*, 292 N.C. 264, 233 S.E.2d 396 (1977).

The superior court's order fails to demonstrate that it considered whether the uncontested findings of fact supported the legal conclusion of the ESC, as the ESC's legal conclusion is obviously correct based upon the binding findings of fact. The uncontested findings of fact cannot support a contrary conclusion. Accordingly, the trial court erred by failing to apply the proper standard of review and thereby reaching a result which is not supported by the record.

### III. Conclusion

As the trial court failed to apply the correct standard of review we vacate the order and remand for entry of an order consistent with this opinion, applying the correct standard of review. *See Graves v. Culp, Inc.*, 166 N.C. App. 748, 751, 603 S.E.2d 829, 831 (2004) ("[C]laimant made no exceptions to the ESC's findings in his petition for review nor did he allege any fraud or procedural irregularity. Therefore, claimant did not preserve those issues for review by the superior court and the court lacked jurisdiction to address them. Its order setting aside the ESC's decision must be vacated and this cause remanded to the superior court for review utilizing the correct standard of review."). As we are vacating and remanding the superior court's order, we need not address the ESC's other contentions.

VACATED AND REMANDED.

Chief Judge MARTIN and Judge STEPHENS concur.