BELINDA L. LINDSEY, PETITIONER-APPELLANT v. QUALEX, INC. AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS-APPELLEES

No. 9026SC1104

(Filed 6 August 1991)

**Master and Servant § 108.1 (NCI3d) — unemployment compensation — misconduct — attendance**

The superior court correctly upheld the decision of the Employment Security Commission to disqualify claimant from receiving unemployment benefits for nine weeks where the employer's attendance policy was reasonable in that each employee was given 100 points; points were deducted for absences commensurate with the degree of departure from expected conduct; the policy was accommodating to employees' needs to deal with the exigencies of everyday life in that an opportunity to regain lost points was provided and counseling was provided for low point totals; all employees were

LINDSEY v. QUALEX, INC.

[103 N.C. App. 585 (1991)]

told early and often that a zero point total would result in discharge; claimant had reasonable control over her ability to conform her conduct to the requirements of the employer's attendance policy; and claimant was constantly and routinely late or tardy and was discharged for excessive tardiness and absenteeism in violation of her employer's attendance policy. In light of the reasonableness of the employment policy and claimant's ability to control her own destiny with respect to that policy, her failure to do so constituted substantial fault.

**Am Jur 2d, Unemployment Compensation § 58.**

**Discharge for absenteeism or tardiness as affecting right to unemployment compensation. 58 ALR3d 674.**

APPEAL by petitioner from judgment entered 11 July 1990 by *Judge Raymond A. Warren* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 13 May 1991.

*Legal Services of Southern Piedmont, by Deborah A. Nance, for petitioner appellant.*

*Employment Security Commission, by Chief Counsel T. S. Whitaker and Staff Attorney John B. DeLuca, for respondent appellee.*

*No brief was filed by appellee Qualex, Inc.*

ARNOLD, Judge.

The question presented by this appeal is whether failure to maintain minimum point standards required by the employer's no-fault attendance policy constitutes substantial fault on the employee's part connected with her work not rising to the level of misconduct. N.C. Gen. Stat. § 96-14(2A) (1990). Claimant's conduct does rise to the level of substantial fault. The superior court's judgment upholding the decision of the Employment Security Commission of North Carolina to disqualify claimant from receiving unemployment benefits for a period of nine weeks, pursuant to G.S. § 96-14(2A), is affirmed.

The record discloses the following: Employer Qualex, Inc. had a no-fault attendance policy. The employer did not keep records of an employee's reasons for being absent, tardy, or for leaving

LINDSEY v. QUALEX, INC.

[103 N.C. App. 585 (1991)]

early. The attendance policy was based on a point system. Each employee received 100 points upon hire.

Employees lost points for being absent, tardy, or leaving early. The attendance policy provided the following point deductions:

1. Tardy — more than 10 minutes after scheduled starting time — 5 points.

2. Leaving early — less than two hours before scheduled quitting time — 5 points.

3. Appointments during shift — less than two hours — 5 points, more than 2 hours — 15 points.

4. Excused absence — 15 points.

5. Unexcused absence — 50 points.

Absences covered by employee benefits or other company programs such as sick pay, vacation leave, floating holidays, leaves of absence, workers' compensation, funeral leave, and jury duty were not included in the policy and did not carry penalty points. Fifteen points were added to an employee's point total each time she completed thirty consecutive calendar days with no points deducted. An employee could not exceed a total of 100 points at any given time.

The employee's supervisor would review with the employee her current point standing in accordance with the following schedule: (1) verbal counseling when employee's point total was reduced to 70 points and (2) written warning and counseling when employee's total was reduced to 35 points. An employee would be discharged when her point total fell to zero.

Qualex, Inc. employed claimant Belinda L. Lindsey from November 1986 to October 1989. The employer discharged claimant on 9 October 1989, when her point total fell to zero. Claimant filed a claim for benefits with the Commission. The adjudicator determined that claimant was disqualified for benefits because she was discharged for misconduct connected with her employment. Claimant appealed. The appeals referee concluded that claimant was disqualified from receiving nine weeks of unemployment benefits because she was substantially at fault in her job separation. She again appealed and the Commission affirmed. Claimant then appealed the Commission's decision to the superior court, which af-

firmed the decision in its entirety. From this judgment, claimant appeals.

The standard of review for an appellate court in reviewing the action of the Commission is set out in N.C. Gen. Stat. § 96-15(i) (1990): "In any judicial proceeding under this section, the findings of fact by the Commission, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." In reviewing the Commission's decision, this Court must determine whether the findings of fact are supported by competent evidence and, if so, whether the findings support the conclusion of law. *Baptist Children's Homes v. Employment Sec. Comm'n,* 56 N.C. App. 781, 783, 290 S.E.2d 402, 403 (1982).

The Commission made the following pertinent findings of fact:

3. The claimant was discharged from this job for excessive absenteeism and tardiness in violation of employer's "point" system.

\* \* \* \*

5. The claimant violated the reasonable requirements of the job in the following way(s): The claimant, as for all of the employees, was given 100 point[s], 50 to be deducted for any unreported or unexcused absen[ces], 15 deducted for excused absences, 5 deducted for tardiness or leaving early. In addition, an individual can gain 15 points by going 30 days without any tardies or absences.

6. The last time claimant had a full 100 points was in January of 1987. From there she constantly and routinely had either lates or tardies for work. September, 1987, February, 1988, March, 1988, April, 1988, November, 1988, January, 1989.

7. The claimant violated the above job requirements because of personal illness. Many of the cases are unknown (although car problems did enter into the tardies).

These findings are supported by the following competent evidence: Claimant knew the requirements of the attendance policy when she was hired in November 1986. The last time she accrued the maximum 100-point total was 11 April 1987. (It should be noted that the Commission committed a harmless error in finding that claimant last had a full 100 points in January 1987.) Claimant was

tardy on two occasions due to car trouble, each resulting in a 5-point deduction. On another occasion she was tardy and subsequently left more than two hours before scheduled quitting time due to her mother's illness, for which 5 points and 15 points were deducted respectively. Also, she was tardy on 9 October 1989 due to personal illness, for which 5 points were deducted. Altogether, these incidents accounted for 35 points in deductions. No evidence was presented concerning other specific point deductions.

During her last five months, from 7 May 1989 to 9 October 1989, claimant was tardy ten times and had three excused absences. Also, during this time, she earned 15 points on three separate occasions for a total of 45 recovery points. As claimant's point total fell, she received counseling several times concerning how she lost points and how she could recover points, and she received warnings that she would be discharged if her point total dropped to zero. On 24 May 1989, she received counseling and a warning because her point total had dropped to 15. She also received counseling concerning her low point total in September 1989. As of 9 October 1989, the date of discharge, her point total was zero.

Thus, there was competent evidence to support the Commission's findings favorable to the employer and these findings are conclusive on appeal. G.S. § 96-15(i); *In re Thomas*, 281 N.C. 598, 604, 189 S.E.2d 245, 248 (1972).

Whether the Commission's findings of fact support its conclusion of law and decision must next be considered. In denying her claim for benefits, the Commission concluded that claimant was discharged for substantial fault connected with her employment. Claimant contends her conduct did not rise to the level of substantial fault because her conduct was due to circumstances beyond her reasonable control. This argument is unpersuasive.

Claimant was disqualified for benefits under G.S. § 96-14(2A), which provides that an individual shall be disqualified for benefits for a period of four to thirteen weeks if her discharge from employment is due to "substantial fault on [her] part connected with [her] work not rising to the level of misconduct." The statute further defines substantial fault

to include those acts or omissions of employees over which they exercised *reasonable control* and which violate *reasonable requirements of the job* but shall not include (1) minor infrac-

tions of rules unless such infractions are repeated after a warning was received by the employee, (2) inadvertent mistakes made by the employee, nor (3) failures to perform work because of insufficient skill, ability, or equipment.

*Id.* (emphasis added). The essence of G.S. § 96-14(2A) is that if an employer establishes a reasonable job policy to which an employee can conform, her failure to do so constitutes substantial fault.

What constitutes "reasonable requirements of the job" will vary depending on the nature of the employer's business and the employee's function within that business. In general, however, several factors appear to be relevant when determining the reasonableness of the job policy at issue. They include: (1) how early in the employee's tenure she receives notice of the policy; (2) the degree of departure from expected conduct which warrants either a demerit or other disciplinary action under the policy; (3) the degree to which the policy accommodates an employee's need to deal with the exigencies of everyday life; (4) the employee's ability to redeem herself or make amends for rule violations; (5) the amount of counseling the employer affords the employee concerning rule violations; and (6) the degree of notice or warning an employee has that rule violations may result in her discharge. The reasonableness of the employer's job requirements should be analyzed on a case-by-case basis in light of the totality of the circumstances surrounding the employee's function within the employer's business.

An employee has "reasonable control" when she has the physical and mental ability to conform her conduct to her employer's job requirements. For example, an employee does not have reasonable control over failing to attend work because of serious physical or mental illness. An employee does have reasonable control over failing to give her employer notice of such absences. Also, an employee does not have reasonable control over tardiness caused by an unexpected traffic accident. An employee does have reasonable control over tardiness caused by her failure to maintain her own vehicle. An employee also has reasonable control over her ability to comply with job rules when the employer's policy gives her the opportunity to make up for demerits resulting from circumstances in which she had marginal or little control. Reasonable control coupled with failure to live up to a reasonable employment policy equals substantial fault. *Id.*

LINDSEY v. QUALEX, INC.

[103 N.C. App. 585 (1991)]

Turning to the facts of this case, the employer's attendance policy was reasonable. The Commission found that the attendance policy (1) gave each employee 100 points upon hire, (2) deducted points for being tardy, leaving early, or taking an excused absence, and (3) awarded points for good attendance. Employees received notice of the policy at the beginning of their employment. The policy resulted in point deductions commensurate with the degree of departure from expected conduct. The policy was accommodating to employees' needs to deal with the exigencies of everyday life because (1) employees were given 100 points at the beginning of their employment and (2) the policy gave employees an opportunity to reclaim lost points. It provided for counseling both when the employee's point total fell to 70 points and again when it reached 35. Finally, all employees were told early and often that a zero-point total would result in discharge.

In addition, claimant had reasonable control over her ability to conform her conduct to the requirements of the employer's attendance policy. The Commission found that claimant was constantly and routinely late or tardy, and that she was discharged for excessive tardiness and absenteeism in violation of her employer's attendance policy. Also, the Commission found that personal illness and car trouble explained only some of her policy violations. Moreover, even though claimant could not control the fact that her mother was sick and required her assistance, she could ultimately control the nature of the penalty suffered from tardiness and absenteeism caused by this factor by reclaiming points through the employer's accommodating policy. Nevertheless, claimant allowed her point total to fall to zero. In light of the reasonableness of the employment policy and claimant's ability to control her own destiny with respect to that policy, her failure to do so constituted substantial fault.

The Commission's findings support its conclusion of law that claimant was discharged for substantial fault connected with her employment, and the conclusion of law sustains the Commission's decision. Her disqualification for unemployment benefits for a period of nine weeks was accordingly appropriate.

Judgment is

Affirmed.

Judges WELLS and PHILLIPS concur.