HARRY EUGENE VAUGHN, Employee, Plaintiff v. INSULATING SERVICES, Employer, TRAVELERS INSURANCE, USF&G (HARTFORD), KEMPER, ROYAL INSURANCE, MASSACHUSETTS BAY, AETNA LIFE & CASUALTY, and HARLEYSVILLE MUTUAL INSURANCE, Carriers, Defendants

No. COA03-781

(Filed 20 July 2004)

**Workers' Compensation— asbestosis—last injurious exposure—failure to meet burden of proof**

The Industrial Commission did not err by denying plaintiff's claim for compensation for asbestosis on the ground that plaintiff did not meet his burden of proof that he was last injuriously exposed to the hazards of asbestos during his employment with defendant-employer where (1) the Commission did not improperly require plaintiff to produce scientific or medical evidence of exposure to asbestos for the relevant time period while employed by defendant but merely noted that there was no such evidence; (2) the Commission did not improperly require plaintiff to prove

VAUGHN v. INSULATING SERVS.

[165 N.C. App. 469 (2004)]

that his asbestosis was contracted while he was employed by defendant but merely noted that plaintiff's asbestosis was not proof of exposure while in the employ of defendant since he was exposed to asbestos prior to that employment; and (3) the evidence supported the Commission's determination that plaintiff's testimony that he was exposed to asbestos on at least 30 days in a consecutive seven-month period while working for defendant was not credible because such testimony was inconsistent with plaintiff's behavior and reports to his doctors, and plaintiff's other testimony showed that he did not know when or if he was exposed to asbestos while working for defendant.

Appeal by plaintiff from Opinion and Award entered 27 March 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 4 March 2004.

*Wallace and Graham, P.A., by Richard L. Huffman, for plaintiff-appellant.*

*Cranfill, Sumner, & Hartzog, L.L.P., by Amanda L. Kims for defendant-appellees Insulating Services, Inc. and USF&G (the Hartford); Hedrick, Eatman, Garner & Kincheloe, L.L.P, by Jeffrey A. Kadis for defendant-appellees Insulating Services, Inc. and the Kemper Group; John F. Morris and Roberta S. Sperry for defendant-appellees Insulating Services, Inc. and Hanover Insurance Company (Massachusetts Bay Insurance); Stiles, Byrum, & Horne, by Henry C. Byrum, Jr., for defendant-appellees Insulating Services, Inc. and Harleysville Insurance Company; Alala, Mullen, Holland, & Cooper, P.A., by J. Reid McGraw, Jr. for defendant-appellees Insulating Services, Inc. and The Travelers Insurance; and McAngus, Goudelock, & Courie, P.L.L.C., by Andrew R. Ussery and Daniel B. Eller for defendant-appellees Insulating Services, Inc. and Royal Insurance.*

STEELMAN, Judge.

Harry Eugene Vaughn ("plaintiff") appeals an opinion and award of the North Carolina Industrial Commission ("the Commission") denying his claim for compensation for an alleged occupational disease. For the reasons discussed herein, we affirm.

At the time of the hearing before the deputy commissioner, plaintiff was sixty-four years old. He completed his education through the

eighth grade, and he received a GED during his military service. Plaintiff began working in the insulation industry in 1952. He continued working in the insulation business until 1959, at which time he joined the Army. The majority of the work plaintiff performed between 1952 and 1959 involved insulation containing asbestos. Plaintiff left the Army in 1980 and subsequently worked for various insulation companies.

Plaintiff began his employment with Insulating Services, Inc. ("defendant-employer") in 1983. He worked for defendant-employer until his retirement in February 2000. Plaintiff spent much of his time working at a facility in Charlotte that is now owned by B.F. Goodrich ("the Goodrich plant"). Plaintiff's duties for defendant-employer included installation of insulation for repair work and new construction at the Goodrich plant and other locations. Surveys conducted at the Goodrich plant in 1991, 1995 and 1998 indicated that there were areas within the plant where asbestos existed.

Plaintiff was examined on 12 April 1996 by Dr. Douglas G. Kelling, the examining physician for the Industrial Commission's Advisory Medical Committee. Plaintiff provided Dr. Kelling with a written employment history, which indicated that he worked as an insulator from 1954 until 1982, during which time he was exposed to asbestos without benefit of a respirator.

Plaintiff did not mention any specific exposure to asbestos during his employment with defendant-employer. Dr. Kelling diagnosed plaintiff with asbestosis.

Plaintiff was also examined by Dr. Patrick Kelly, a Board certified pulmonologist, on 19 November 1999. Dr. Kelly noted that "[plaintiff] reports exposure to asbestos [during his employment with defendant-employer] although it is somewhat unclear exactly in what form." Plaintiff did not advise Dr. Kelly of any specific incidents of exposure to asbestos dust while working for defendant-employer. Dr. Kelly diagnosed plaintiff with asbestosis.

On 16 May 1997, plaintiff filed a Form 18B alleging asbestosis and seeking workers' compensation benefits from defendant-employer. The carriers are the insurance companies that provided worker's compensation insurance for employer during the course of plaintiff's employment. Defendants denied liability.

In an opinion and award filed 27 March 2003, the Commission denied plaintiff's claim for compensation. Plaintiff gave notice of appeal to this Court on 4 April 2003.

On appeal of an opinion and award by the Industrial Commission, this Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Evidence tending to support the plaintiff's claim is to be viewed in the light most favorable to the plaintiff. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). However, if there is any evidence in the record to support a finding of fact by the Commission, it is conclusive on appeal, even if there is substantial evidence to the contrary. *Id.* Moreover, the Commission is the sole judge of the credibility of witnesses and the weight to be given the evidence. *Russell v. Lowes Prod. Distr.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

In his first assignment of error, plaintiff argues the Commission used the incorrect legal standard to determine if plaintiff was injuriously exposed to asbestos while employed by Insulating Services. We disagree.

N.C. Gen. Stat. § 97-57 (2003) states:

In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any which was on the risk when the employee was so last exposed under such employer, shall be liable.

The statute goes on to explain the phrase "last injuriously exposed" in the context of asbestosis claims:

For the purpose of this section when an employee has been exposed to the hazards of asbestosis or silicosis for as much as 30 working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious . . . .

*Id.* To recover under this statute, the plaintiff must show: (1) that he has a compensable occupational disease and (2) that he was "last injuriously exposed to the hazards of such disease" in defendant-

employer's employment. *Rutledge v. Tultex Corp./Kings Yarn*, 308 N.C. 85, 88, 301 S.E.2d 359, 362 (1983).

The plaintiff contends that the Commission made four errors of law in coming to its conclusions. First, plaintiff argues the Commission improperly required him to produce scientific or medical evidence of exposure to asbestos for the relevant time period while in defendant's employ. Plaintiff is correct that there is no need for such expert testimony. *Austin v. Continental General Tire*, 141 N.C. App. 397, 404, 540 S.E.2d 824, 829 (2000), *rev'd on other grounds*, 354 N.C. 344, 553 S.E.2d 680 (2001). In addressing the issue of producing scientific evidence of exposure to toxic substances, this Court stated:

> It is unreasonable to assume that the legislature intended an employee to bear the burden of making [toxicity] measurements during his employment in order to lay the groundwork for a worker's compensation claim. Such an interpretation of the statute would make it virtually impossible for an employee to successfully bring suit for compensation . . . due to the difficulty he would encounter in attempting to make measurements of [toxic airborne substances] on his employer's premises. A construction of the statute which defeats its purpose . . . would be irrational and will not be adopted by this Court.

*Id.*, citing *Gay v. J.P. Stevens & Co.*, 79 N.C. App. 324, 333-34, 339 S.E.2d 490, 496 (quoting *McCuiston v. Addressograph-Multigraph Corp.*, 308 N.C. 665, 668, 303 S.E.2d 795, 797 (1983)). This does not mean, however, that the Commission cannot consider expert testimony, or the lack thereof, along with lay testimony, in weighing the evidence and determining whether claimant has met his burden of proof.

Plaintiff has the burden of proving his claim by the "greater weight of the evidence" or by a "preponderance of the evidence." *Phillips v. U.S. Air*, 120 N.C. App. 538, 541, 463 S.E.2d 259, 261 (1995). Thus, the plaintiff must present credible evidence of exposure sufficient to prove that he was last injuriously exposed while working for the defendant-employer.

Second, plaintiff argues that the Commission improperly determined that his asbestosis was caused by exposure prior to his employment with defendant. With regard to the issues of the extent of exposure, prior exposure and causation, this Court has said that

"last injurious exposure" did not have to cause or even significantly contribute to a claimant's disease, rather it is sufficient for it to be "an exposure which proximately augmented the disease to any extent, however slight." *Cain v. Guyton*, 79 N.C. App. 696, 701, 340 S.E.2d 501, 505, *aff'd* 318 N.C. 410, 348 S.E.2d 595 (1986), quoting *Rutledge*, 308 N.C. at 89, 301 S.E.2d at 362-63. Therefore it is not necessary for plaintiff to prove what caused his asbestosis, or where he contracted it. He must simply prove that he has asbestosis, and that the last place of employment where he was exposed to asbestos on at least 30 separate days within a consecutive seven month period was with the defendant-employer. Prior exposure may be relevant when actual exposure to asbestos in a defendant's employ is in question. If a plaintiff has not been exposed in prior employment, and has asbestosis, then that could give rise to an inference that he was exposed (and last injuriously exposed) while working for defendant-employer.

Third, plaintiff argues that the Commission erred in refusing to rely on inferences that can be drawn from the evidence. As stated above, the Commission is the sole determiner of the credibility of the witnesses, and the weight to be given to the evidence. The Commission must then make a determination considering the evidence in the light most favorable to the plaintiff. This does not mean, however, that the Commission must accept as true all evidence favoring plaintiff and make all inferences that support plaintiff's claim. It is up to the Commission to make the final determination in weighing the evidence. "Indeed the Commission is required to evaluate the credibility of the evidence and reject any evidence it finds as not convincing." *Phillips*, 120 N.C. App. at 542, 463 S.E.2d at 262. The plaintiff must present credible evidence of exposure sufficient to prove that he was last injuriously exposed while working for the defendant-employer.

Finally, plaintiff argues that the Commission placed an impossible burden on him to prove his case. As previously stated, "The degree of proof required of a party plaintiff under the Act is the 'greater weight' of the evidence or 'preponderance' of the evidence." *Id* at 541, 463 S.E.2d at 261.

The Commission found the plaintiff's testimony that he was regularly exposed to asbestos in defendant's employ over the relevant period not to be credible, and thus afforded it little weight. It based its finding on inconsistencies between plaintiff's testimony and "his behavior and reports to his doctors." The Commission found that

even if it afforded the plaintiff's own testimony greater weight, this testimony was not sufficient to meet plaintiff's burden of proof:

> The only testimony on this issue came from plaintiff when he described working at the tank farm at the Goodrich plant in 1996. Plaintiff testified that he worked in that area for a month and a half or two months, and that asbestos abatement crews were later called in 1999 to work in those areas. Plaintiff believed that he was exposed to asbestos when he worked on the tanks because the asbestos abatement crews, with their plastic tents, were called to work there later. On further clarification of this potential exposure, plaintiff explained that he worked nearly 40 tanks in the tank farm for "almost a month and a half" and that he later saw the asbestos abatement tents on two of the tanks. During this time period plaintiff was working four days per week, and thus a month and a half would have consisted of 24 to 28 days. Two months at four days a week would amount to about 32 days. Even assuming that plaintiff's testimony is true, and that two of the tanks had asbestos as indicated by subsequent work by an abatement crew, at the average rate of completing one to two tanks per day, plaintiff's testimony does not establish 30 days of exposure within a seven consecutive month period. Furthermore, exposure to asbestos during employment with defendant-employer cannot be assumed from plaintiff's diagnosis of asbestosis, because plaintiff's exposure to asbestos before his employment with defendant-employer was sufficient to cause the disease. The greater weight of the credible evidence is that plaintiff was not exposed to the hazards of asbestos for 30 or more working days during a seven consecutive month period while working for defendant-employer.

There is competent evidence in the record to support the Commission's findings. Although plaintiff was employed by defendant-employer when he was examined by Dr. Kelling, plaintiff never mentioned any potential exposure to asbestos during his examination. Moreover, plaintiff's own testimony shows that he did not know when or if he was exposed to asbestos while working for defendant-employer. Consequently, the Commission, as the sole judge of credibility, determined that plaintiff's testimony that he was exposed on at least 30 days in a consecutive seven month period in 1996 while working for defendant-employer was entitled to little weight.

Based on the Commission's findings of fact, we conclude that the Commission applied the correct standard under N.C. Gen. Stat.

§ 97-57 in determining plaintiff did not meet his burden of proving last injurious exposure under N.C. Gen. Stat. § 97-57.

The Commission did not require plaintiff to submit scientific or medical testimony, it merely noted that there was none. The Commission did not improperly require that plaintiff prove his asbestosis was contracted while employed by defendant-employer, it merely noted that plaintiff's asbestosis was not proof of exposure while in the employ of defendant-employer since he was exposed prior to that employment. The Commission was not required to make inferences supporting plaintiff's position if it determined the evidence was not credible. Finally, there is nothing in the record to support plaintiff's contention that he was held to an "impossible burden." The record supports the Commission's conclusion that plaintiff failed to prove his claim by a preponderance of the evidence.

In the instant case, the Commission found that plaintiff did not meet his burden of proof that he was last injuriously exposed to the hazards of asbestosis during his employment with defendant-employer. There is credible evidence to support the Commission's findings, thus, its denial of compensation under N.C. Gen. Stat. § 97-57 must be affirmed.

Having determined that there is competent evidence in the record to support the Commission's findings of fact, and that those findings of fact support it's conclusions of law that plaintiff was not last injuriously exposed to the hazards of asbestosis while employed by defendant-employer, we need not reach plaintiffs remaining assignments of error.

AFFIRMED.

Judges McGEE and CALABRIA concur.