TAWANNA APPLEWHITE, PETITIONER-APPELLANT, v. ALLIANCE ONE INTERNATIONAL, INC. F/K/A STANDARD COMMERCIAL TOBACCO CO., INC., AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS-APPELLEES

No. COA07-123

(Filed 15 January 2008)

**Unemployment Compensation— breach of attendance policy— illness—not substantial fault**

Petitioner was not discharged from her employment for substantial fault and was thus not partially disqualified for unemployment compensation under N.C.G.S. § 96-14(2a) where petitioner received her third and final infraction which caused her discharge when she was fifteen minutes late returning to her work area after lunch, but the Employment Security Commission found that she was late solely "due to illness" in that petitioner had become sick and needed to go to the bathroom before returning to her work area, and petitioner thus did not have reasonable control over this failure to conform to respondent employer's attendance policy.

Judge TYSON dissenting.

Appeal by Petitioner from order entered 20 October 2006 by Judge W. Russell Duke, Jr. in Superior Court, Wilson County. Heard in the Court of Appeals 12 September 2007.

*Legal Aid of North Carolina, Inc., by Richard Trottier and John R. Keller, for Petitioner-Appellant.*

*Camilla F. McClain for Respondent-Appellee Employment Security Commission of North Carolina.*

*No brief filed for Respondent-Appellee Alliance One International, Inc. f/k/a Standard Commercial Tobacco.*

McGEE, Judge.

Tawanna R. Applewhite (Petitioner) was employed by Alliance One International, Inc. f/k/a Standard Commercial Tobacco Co., Inc. (Respondent-Employer) beginning on 22 August 2003. Petitioner last worked for Respondent-Employer as a general laborer on 21 September 2005, when Petitioner was discharged for having three attendance infractions within a twelve-month period.

Petitioner filed a claim for unemployment benefits with the Employment Security Commission (the Commission). The adjudicator determined that Petitioner had been discharged for misconduct and was therefore disqualified from receiving unemployment benefits. Petitioner appealed, and the appeals referee concluded that Petitioner had been discharged for substantial fault and was disqualified from receiving unemployment benefits for nine weeks. Petitioner appealed to the Commission, which affirmed.

Petitioner does not challenge the Commission's findings of fact. Pursuant to the Commission's findings, Petitioner was notified of Respondent-Employer's plant rules and regulations, which subjected employees to the following progressive disciplinary action: "First offense—written warning, second offense—written warning, third offense—dismissal. Three infractions in a twelve-month period will result in termination." Respondent-Employer's policy specifically provided that employees were subject to discipline for "excessive absenteeism, tardiness or excessive breaks[.]"

Petitioner received her first written warning on 21 February 2005 for taking excessive break time. Petitioner received her second written warning on 5 April 2005 for excessive tardiness. Specifically, Petitioner was tardy by 30 minutes on 18 March 2005; by 2-1/2 hours on 29 March 2005; by 1-1/2 hours on 4 April 2005; and by 1-1/2 hours on 5 April 2005. In finding of fact nine, the Commission found:

> [Petitioner's] final infraction occurred on September 21, 2005. She was issued a third written warning and discharged for taking

an excessive break on that day. [Petitioner] took an excessive break by returning from lunch late. [Petitioner] was fifteen minutes late returning to her work area. [Petitioner] was late on that occasion due to illness. [Petitioner] had become sick, and needed to go to the bathroom before returning to her work area.

The Commission concluded that Petitioner was discharged for substantial fault and that Petitioner was disqualified from receiving unemployment benefits for nine weeks.

Petitioner appealed the Commission's decision to Superior Court, Wilson County, which found that "the Commission correctly interpreted and applied the proper provisions of the law to [the] facts[.]" The superior court entered an order affirming the Commission's decision. Petitioner appeals.

---

Petitioner argues the superior court erred by finding that "the Commission correctly interpreted and applied the proper provisions of the law to [the] facts[.]" Petitioner argues that finding of fact nine supports the conclusion that Petitioner was discharged through no fault of her own. We agree.

"The scope of our review is to determine whether the facts as found by the [Commission] are supported by competent evidence and if so, whether the findings of fact support the conclusions of law." *Fair v. St. Joseph's Hospital, Inc.*, 113 N.C. App. 159, 161, 437 S.E.2d 875, 876 (1993), *disc. review denied*, 336 N.C. 315, 445 S.E.2d 394 (1994). "If the findings of fact made by the [Commission] are supported by competent evidence then they are conclusive on appeal. However, even if the findings of fact are not supported by the evidence, they are presumed to be correct if the petitioner fails to except." *Id.* (citations omitted). In the present case, because Petitioner does not challenge the findings of fact, those findings are conclusive. *See id.* Accordingly, the sole question is whether those findings of fact support the Commission's conclusion that Petitioner was disqualified from receiving unemployment compensation.

Petitioner was disqualified for benefits pursuant to N.C. Gen. Stat. § 96-14(2a). This statute provides that an employee shall be disqualified for benefits for a period of between four and thirteen weeks if the employee is unemployed because the employee was discharged "for substantial fault on his part connected with his work not rising to the level of misconduct." N.C. Gen. Stat. § 96-14(2a) (2005). This statute further defines "substantial fault" as follows:

> Substantial fault is defined to include those acts or omissions of employees *over which they exercised reasonable control* and which violate *reasonable requirements of the job* but shall not include (1) minor infractions of rules unless such infractions are repeated after a warning was received by the employee, (2) inadvertent mistakes made by the employee, nor (3) failures to perform work because of insufficient skill, ability, or equipment.

*Id.* (emphases added). An employee is generally presumed to be entitled to unemployment compensation, and the employer bears the burden of establishing that an employee is disqualified. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 376, 289 S.E.2d 357, 359 (1982). "The essence of [N.C.]G.S. § 96-14[2a] is that if an employer establishes a reasonable job policy to which an employee can conform, her failure to do so constitutes substantial fault." *Lindsey v. Qualex, Inc.*, 103 N.C. App. 585, 590, 406 S.E.2d 609, 612, *disc. review denied*, 330 N.C. 196, 412 S.E.2d 57 (1991). As to whether an employee has the ability to conform to a particular policy, "[a]n employee has 'reasonable control' when [the employee] has the physical and mental ability to conform [the employee's] conduct to [the] employer's job requirements." *Id.*

In the present case, even assuming, *arguendo*, that Respondent-Employer's policy was reasonable, we hold that Petitioner did not have reasonable control over the action that violated the policy. Petitioner received her third and final infraction, which caused her discharge, on 21 September 2005 when she was fifteen minutes late returning to her work area after lunch. The Commission found that she was late solely "due to illness." As our Court recently reiterated in *James v. Lemmons*, 177 N.C. App. 509, 629 S.E.2d 324 (2006), "an employee does not have reasonable control over failing to attend work because of serious physical or mental illness." *Id.* at 520, 629 S.E.2d at 332 (citing *Lindsey*, 103 N.C. App. at 590, 406 S.E.2d at 612). In *James*, the claimant violated her employer's attendance policy because of illness, and our Court held that the claimant did not have reasonable control over her actions. *Id.* at 519-20, 629 S.E.2d at 332.

In the present case, Petitioner violated Respondent-Employer's policy "due to illness. [Petitioner] had become sick, and needed to go to the bathroom before returning to her work area." Because Petitioner did not have reasonable control over this failure to conform to Respondent-Employer's policy, Petitioner's behavior "cannot rise to the level of substantial fault." *James*, 177 N.C. App. at 520, 629 S.E.2d at 332. As such, the Commission's findings of fact do not

support its conclusion of law that Petitioner was discharged for substantial fault. Petitioner's partial disqualification for unemployment compensation was not appropriate.

We reverse the superior court's order and remand. On remand, the superior court shall enter an order reversing the Commission's decision, and remand this case to the Commission for entry of a decision consistent with this opinion.

Reversed and remanded.

Judge ELMORE concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge dissenting.

Petitioner argues and the majority's opinion holds the Employment Security Commission's ("the Commission") findings of fact do not support its conclusion of law that petitioner was discharged for "substantial fault" and is disqualified from receiving unemployment benefits. I disagree and vote to affirm the superior court's order upholding the Commission's decision in favor of respondent-employer. I respectfully dissent.

## I.  Standard of Review

"[F]indings of fact in an appeal from a decision of the . . . Commission are conclusive on both the superior court and this Court if supported by *any* competent evidence." *James v. Lemmons*, 177 N.C. App. 509, 513, 629 S.E.2d 324, 328 (2006) (emphasis supplied) (citing *Celis v. N.C. Employment Sec. Comm'n*, 97 N.C. App. 636, 389 S.E.2d 434 (1990)). This Court determines "whether the facts as found by the [Commission] are supported by competent evidence and if so, whether the findings of fact support the conclusions of law." *Fair v. St. Joseph's Hospital, Inc.*, 113 N.C. App. 159, 161, 437 S.E.2d 875, 876 (1993), *disc. rev. denied*, 336 N.C. 315, 445 S.E.2d 394 (1994).

## II.  Substantial Fault

Petitioner argues the Commission's finding of fact number nine supports the conclusion that she was discharged through no fault of her own and that she is entitled to unemployment benefits. I disagree.

The Commission found that petitioner was disqualified from receiving unemployment benefits pursuant to N.C. Gen. Stat. § 96-14(2a), which provides in relevant part:

> For a period of not less than four nor more than 13 weeks beginning with the first day of the first week during which or after the disqualifying act occurs with respect to which week an individual files a claim for benefits *if it is determined by the Commission that such individual is, at the time the claim is filed, unemployed because he was discharged for substantial fault on his part* connected with his work not rising to the level of misconduct. *Substantial fault is defined to include those acts or omissions of employees over which they exercised reasonable control and which violate reasonable requirements of the job* but shall not include (1) minor infractions of rules unless such infractions are repeated after a warning was received by the employee, (2) inadvertent mistakes made by the employee, nor (3) failures to perform work because of insufficient skill, ability, or equipment.

(Emphasis supplied).

The majority's opinion holds that petitioner's behavior cannot rise to the level of "substantial fault" because petitioner did not have "reasonable control" over the ability to conform to respondent-employer's plant rules and regulations due to petitioner's undescribed and undiagnosed "personal illness." The majority's opinion cites *James v. Lemmons* as the basis of its holding. 177 N.C. App. 509, 629 S.E.2d 324 (2006). In *James*, petitioner was terminated from her employment due to excessive absenteeism and a history of poor working relationships with co-workers. *Id.* at 511-12, 629 S.E.2d at 327. The petitioner in *James* would frequently miss work due to previously diagnosed mental illness and occasionally left to attend medical appointments. *Id.*

After reviewing petitioner's claim for unemployment benefits, the Commission decided she was not disqualified and found that her "absences from work were due to her medical condition [i.e., bipolar disorder] and that, while she did not give Employer intimate details about her medical condition, she did provide doctor's excuses for the time she missed from work." *Id.* at 519, 629 S.E.2d at 331. The Commission concluded that petitioner "was not absent from work due to misconduct." *Id.*

This Court affirmed the Commission's decision and held "an employee does not have reasonable control over failing to attend work

because of *serious physical or mental illness*." *Id.* at 520, 629 S.E.2d at 332 (emphasis supplied). This Court further stated, "there is no evidence that [petitioner] was medically capable of compliance." *Id.*

The majority's reliance on *James* is misplaced. The facts presented in this case are clearly distinguishable from the facts presented in *James*. *Id.* at 511-13, 629 S.E.2d at 327-28. Here, the only evidence petitioner presented regarding her "illness" was: (1) petitioner's testimony that "this illness can make anything happen. Your head could start hurting. You can get sick, vomit, it's just anything. It can trigger anything of your body[]" and (2) two vague letters dated after petitioner's date of termination on 21 September 2005.

The first letter entered into evidence, dated 30 January 2006, is written by petitioner's case manager, and states, "[petitioner] is living with an illness that may cause her to become sick at any time." The second letter merely states that petitioner visits "for a regular checkup every 2-3 month [sic], *every time she is seen by one of our doctors, we will give her a letter stating that she was here and has been seen by a physician*." Petitioner failed to produce the physician notes or letter referred to in her second exhibit.

Further, no evidence was presented regarding the circumstances surrounding petitioner's late arrival on 21 September 2005, other than petitioner's statement that "[she] left [to take her lunch break] at twelve thirty-five . . . [and she] got back at . . . one-o-five" but "[she] didn't come on the floor until fifteen minutes late [sic], and the reason why [she] was late because [sic] . . . [she] was in the bathroom . . . because [she] had got [sic] sick that day." The record shows petitioner had exhausted her entire lunch break prior to returning to her workplace, and then used an additional fifteen minutes without informing her employer that she was "sick."

The facts before us do not indicate that petitioner was an employee who did not have "reasonable control over failing to attend work because of *serious physical or mental illness*." *Id.* at 520, 629 S.E.2d at 332 (emphasis supplied). No competent evidence shows that petitioner was medically incapable of compliance with respondent-employer's plant rules and regulations or that she had previously informed her employer of her unspecified "illness."

Additionally, respondent-employer presented evidence of three prior written warnings and four oral warnings relating to excessive breaks, tardiness, or poor work performance during the twelve

months prior to termination. The third written warning is the only warning petitioner claims is linked to her "illness." Despite the repeated written and oral warnings and petitioner's awareness of respondent-employer's policy regarding termination, petitioner failed to give respondent-employer any notice of her "illness" to excuse her actions or provide any medical excuse for her repeated absenteeism while employed.

The Commission's findings of fact clearly support its conclusion that petitioner was discharged for "substantial fault." To hold otherwise would subject the Commission and our Courts to a number of claims and appeals asserting unsubstantiated claims of "illness" with no medical evidence or excuse as a pretext to excuse employees noncompliance with employers' rules and regulations in order to receive unemployment benefits.

### III.  Conclusion

No competent evidence shows petitioner's repeated pattern of tardiness is due to "a serious physical or mental illness." *Id.* The facts and holding in *James* are inapplicable to the facts before us. The Commission's findings of fact support its conclusion that petitioner is disqualified from receiving unemployment benefits pursuant to N.C. Gen. Stat. § 96-14(2a). I vote to affirm the superior court's order. I respectfully dissent.