HAYWOOD COUNCIL ON AGING, Petitioner,
v.
DENISE MATHIS and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Respondents.
No. COA07-554
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Employment Security Commission Legal Department, by Camilla F. McClain, for respondent-appellant.
Mark L. Jenkins, for respondent-appellant Denise Mathis.
No brief for Haywood Council on Aging.
STEELMAN, Judge.
When the Employment Security Commission's findings of fact were supported by the evidence, and those findings supported the Commission's conclusions of law, the trial court erred in reversing the Commission's decision.

I. Factual and Procedural Background
Denise Mathis (employee) was employed as executive director of the Haywood County Council on Aging (employer) on 10 February 2006. On that date, she resigned and filed a claim for unemployment benefits effective 19 March 2006 pursuant to N.C. Gen. Stat. § 96-15(a). The matter was referred to an Adjudicator. The Adjudicator ruled that employee left work without good cause attributable to employer and was disqualified from receiving unemployment insurance benefits. Employee appealed this decision to an Appeals Referee. After a hearing on 28 June 2006, the Appeals Referee entered a decision that employee "disregarded some of her job duties," was discharged "for substantial fault on her part in connection with the work," and was disqualified from receiving unemployment benefits for a period of four weeks beginning 19 March 2006 and ending 15 April 2006. Employer appealed, and on 8 August 2006 the Employment Security Commission (Commission) affirmed the decision of the Appeals Referee. Employer filed a motion for rehearing or reconsideration of the Commission's decision, which was denied on 25 August 2006. Employer filed a petition for judicial review and application to amend the record in Haywood County Superior Court pursuant to N.C. Gen. Stat. § 96-15(h) on 7 September 2006. Employee filed a motion to intervene on 19 September 2006 pursuant to N.C. Gen. Stat. § 96-15(h) and N.C. Gen. Stat. § 1A-1, Rule 24. Judge Winner entered an order on 31 January 2007 reversing the Commission, and holding that the findings of the Commission demonstrated that employee engaged in intentional misconduct. The Commission and employee appeal.

II. Employee's Appeal
In her sole argument on appeal, employee contends that the trial court erred in hearing employer's appeal of the Commission's decision on the grounds that employer did not have standing to appeal the Commission's decision. Employee contends that no funds came from employer to pay the benefits awarded to employee by the decision, and that as a result employer had no stake in the outcome of this matter. We disagree.
We note that a motion to intervene filed by employee is included in the record. However, the record does not contain an order granting that motion. The order of the trial court does not indicate that employee was a party to the proceedings. See Mooneyham v. Mooneyham, 249 N.C. 641, 643, 107 S.E.2d 66, 67 (1959) ("The responsibility for sending the necessary parts of the record proper is upon the appellant.") From the record before us, we cannot, without engaging in speculation, determine employee's status as a party to the trial court proceeding. See Pharr v. Worley, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997). There is no evidence in the record that employee was a party to the trial court proceeding, and thus she does not have standing to appeal the decision of the trial court to this Court. State ex rel. Utilities Com. v. City Coach Co., 234 N.C. 489, 494, 67 S.E.2d 629, 633 (1951); N.C. Gen. Stat. § 1-271 (2007).
Employee's appeal is dismissed.

III. Commission's Appeal
In its first argument on appeal, the Commission contends that the trial court erred in reversing the Commission's conclusion that employee was discharged for substantial fault. We agree.
The standard of review on appeal of a decision from the Commission is "whether the facts found by the Commission were supported by competent evidence and whether the findings so supported sustain the legal conclusions and the award made[.]" In re Enoch, 36 N.C. App. 255, 257, 243 S.E.2d 388, 390 (1978) (quotation omitted); N.C. Gen. Stat. § 96-15(i) (2007) ("In any judicial proceeding under this section, the findings of fact by the Commission, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."). A finding of fact is conclusive on appeal if there is any evidence in the record to support it, even if there is substantial evidence to the contrary. Vaughn v. Insulating Servs., 165 N.C. App. 469, 472, 598 S.E.2d 629, 631 (2004) (citation omitted). If petitioner fails to except to a finding of fact, it is presumed to be correct, even if it is not supported by the evidence. Hagan v. Peden Steel Co., 57 N.C. App. 363, 364, 291 S.E.2d 308, 309 (1982).
"Ordinarily a claimant is presumed to be entitled to benefits under the Unemployment Compensation Act. The employer bears the burden of rebutting this presumption by showing circumstances which disqualify the claimant." Williams v. Davie County, 120 N.C. App. 160, 164, 461 S.E.2d 25, 28 (1995) (citations omitted). N.C. Gen.Stat. § 96-14 provides that an individual will be disqualified from receiving benefits "if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work." N.C. Gen. Stat. § 96-14(2) (2007).
Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Id.
If an employee's actions were taken with good cause, the violation of a work rule is not willful misconduct. Intercraft Industries Corp. v. Morrison, 305 N.C. 373, 375-76, 289 S.E.2d 357, 359 (1982). "This Court has defined a `good cause' to be a reason which would be deemed by reasonable men and women valid and not indicative of an unwillingness to work . . ." Id. "Although an employee's intentions are certainly relevant in either event, the correct standard is the objective `good cause' . . ." Williams v. Burlington Industries, Inc., 318 N.C. 441, 456, 349 S.E.2d 842, 851 (1986).
An employee may be disqualified from receiving benefits for a period ranging from four to 13 weeks if the employee was fired for substantial fault connected with his work. N.C. Gen. Stat. § 96-14(2a). Substantial fault is defined to include those acts or omissions of employees over which they exercised reasonable control and which violate reasonable requirements of the job but shall not include (1) minor infractions of rules unless such infractions are repeated after a warning was received by the employee, (2) inadvertent mistakes made by the employee, nor (3) failures to perform work because of insufficient skill, ability, or equipment.
Id. "[I]f an employer establishes a reasonable job policy to which an employee can conform, her failure to do so constitutes substantial fault. . . . " Reeves v. Yellow Transp., Inc., 170 N.C. App. 610, 615, 613 S.E.2d 350, 354 (2005) (quoting Lindsey v. Qualex, Inc., 103 N.C. App. 585, 590, 406 S.E.2d 609, 612 (1991)). The six factors to be considered in determining the reasonableness of the job policy include:
(1) how early in the employee's tenure she receives notice of the policy; (2) the degree of departure from expected conduct which warrants either a demerit or other disciplinary action under the policy; (3) the degree to which the policy accommodates an employee's need to deal with the exigencies of everyday life; (4) the employee's ability to redeem herself or make amends for rule violations; (5) the amount of counseling the employer affords the employee concerning rule violations; and (6) the degree of notice or warning an employee has that rule violations may result in her discharge.
Lindsey at 590, 406 S.E.2d at 612.
The Appeals Referee made seven findings of fact, all of which were adopted by the Commission. These findings include the following:
3. The claimant was discharged from this job because of job performance issues.
4. On occasion the claimant used funds from grant monies to place in the employer's general operating account without permission from the employer in violation of grant terms.
5. The claimant failed to distribute money earmarked for flood victims. . . .
6. The claimant had reason to know that such actions could place her job in jeopardy.
7. Mitigating circumstances surrounding claimant's conduct are as follows: The claimant was not given much warning that her job was in danger.
The Commission concluded that employee had been dismissed for substantial fault and affirmed the Appeals Referee's decision to shorten the period of disqualification to four weeks due to mitigating circumstances. See N.C. Gen. Stat. § 96-14(2a). Employer did not except to any of the Commission's findings of fact in its appeal to the trial court, and those findings were binding on the trial court. See Hagan at 364, 291 S.E.2d at 309. Instead, employer asserted that the Commission's decision was the product of fraud, in that the employee allegedly made intentional misstatements of fact at the Appeals Referee hearing regarding her prior knowledge of employer's dissatisfaction with her performance and her alleged prior misconduct.
After reviewing the record and hearing the arguments of counsel, the trial court made the following conclusions of law:
2. The hearing officer herein and the Commission erred in concluding as a matter of law the facts found amounted only to substantial fault by the claimant and further erred in concluding that the claimant was not guilty of "misconduct connected with work". [sic] This Court concludes that in fact the admitted actions of the employee was intentional misconduct on her part. [sic]
3. In the event the above conclusion is found to be error by an appellate court in this State this Court further concludes that the Employment Security Commission erred in denying a hearing to the petitioner as to whether or not fraud had been perpetrated on the Commission and the hearing officer with respect to the evidence presented at the original hearing.
The Commission's findings of fact support its conclusion of law that petitioner was discharged for substantial fault. Part of employee's job description was to distribute funds from grants received by employer. Employee admitted that she had transferred funds from grant monies earmarked for flood victims to employer's general operating account, without permission from employer, in violation of the terms of the grant . However, the record reveals that employee did not evince a willful disregard of the employer's interest. To the contrary, employee testified that she made these transfers so that employer could cover its bills and continue to help people. The Commission found employee to be credible and determined the appropriate weight to give to her testimony. See Vaughn at 472, 598 S.E.2d at 631.
The Commission's findings do not support a conclusion that employee was discharged for misconduct. Although finding number three states that employee was discharged due to job performance issues, nothing suggests that employee willfully disregarded employer's interest, or had a "wrongful intent or evil design." Accordingly, we hold that the Commission did not err by concluding that employee was discharged for substantial fault, and that the trial court erred by reversing the Commission's ruling. We reverse the judgment of the trial court and remand this case to the trial court to affirm the decision of the Commission.
The judgment of the superior court is reversed and the cause is remanded to the superior court for the entry of an order reinstating the order of the Commission.

IV. Denial of Hearing
In its next argument, the Commission contends the trial court erred in concluding that the Commission erred in denying a hearing to employer as to whether or not fraud had been perpetrated on the Commission and the hearing officer with respect to the evidence presented at the original hearing. We agree.
N.C. Gen. Stat. § 96-15 provides in pertinent part:
(e) Review by the Commission.  The Commission or Deputy Commissioner may on its own motion affirm, modify, or set aside any decision of an appeals referee on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it, . . .
N.C. Gen. Stat. § 96-15 (2007).
ESC Regulation 21.16(D) states in pertinent part:
(1) Any motion, petition or request for rehearing or reconsideration of a decision of a Deputy Commissioner, Chief Deputy Commissioner or the full Commission shall be filed with the Chief Counsel. Such motion, petition or request must be filed with the Chief Counsel no later than ten (10) days after the decision was mailed, and a copy must be served on any other party to the proceeding.
(2) Grounds. Post-decision relief may be granted for:
. . .
(c) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new hearing prior to the issuance of the Commission decision in the matter;
(d) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
. . .
(f) Any other reason justifying relief from the operation of the decision.
ESC Reg. 21.16(D)(1), (2) (emphasis added).
The language of ESC Regulation 21.16(D)(2) makes it clear that it is within the Commission's discretion to grant or deny a motion for rehearing. See Hall v. Thomason Chevrolet, Inc., 263 N.C. 569, 574, 139 S.E.2d 857, 860 (1965).
In the instant case, the Commission was acting as a trial court. Where a ruling of the trial court is discretionary, the court "may be reversed for abuse of discretion only upon a showing that its actions are `manifestly unsupported by reason.'" Davis v. Davis, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citations omitted). "A ruling committed to the trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Id. (quotation omitted).
The full Commission's decision was mailed on 8 August 2006. Employer's motion for rehearing or reconsideration of the Commission's decision was filed on 21 August 2006 . Thus, employer's motion was not timely filed, see ESC Reg. 21.16(D)(2), and the Commission denied employer's request for post-decision relief.
The Commission did not abuse its discretion in denying employer's request for rehearing. Employer's motion was not timely filed, and the Commission's decision to deny a rehearing due to this violation is supported by reason. See ESC Reg. 21.16(D)(2). This argument is without merit.
REVERSED and REMANDED. DISMISSED AS TO EMPLOYEE'S APPEAL.
Chief Judge MARTIN and Judge STEPHENS concur.
Report per Rule 30(e).